UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAD PORTER, § | | |
| Individually and On Behalf of All § | | |
| Others Similarly Situated, § | | |
|     Plaintiff, § | | |
| vs. § | CIVIL ACTION NO. 4:22-CV-524 | |
| BEDROCK PC 1099, LLC; AND § | | |
| EOG RESOURCES, INC. § | COLLECTIVE AND CLASS ACTION | |
|     Defendants. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes Plaintiff Chad Porter, ("Plaintiff"), on behalf of himself and all others similarly situated, and files this Original Complaint, as follows:

### I. PRELIMINARY STATEMENT

1. EOG Resources, Inc. ("EOG") and Bedrock PC 1099, LLC ("Bedrock") were each employers or joint employers of Plaintiff and others similarly situated. Mr. Porter worked as a water consultant for EOG from January of 2018 until March of 2020. He interviewed and was hired through Bedrock, and he worked exclusively as a water consultant at EOG. While employed by Defendants, Mr. Porter was misclassified as an independent contractor, despite the fact that he worked full time for Defendants, and virtually every aspect of her job was controlled by Defendants. Defendants misclassified Mr. Porter as an independent contractor to avoid paying employment taxes, benefits and overtime. During his time with Defendants, Mr. Porter typically did not have any set schedule. It was common for him to work at least 14-16 hours per day, seven days a week. Mr. Porter received a day rate for each day he worked, regardless of the number of

hours he worked in a given day or week, and never received overtime pay. On information and belief, there are a large number of water consultants that have been hired through Bedrock (and are paid through Bedrock) but have worked and/or are still working strictly at EOG, all of whom are classified as independent contractors and all of whom are paid a day rate and denied overtime pay.

2. Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA") and the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) (the "NMMWA").

3. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All water consultants hired through Bedrock and working at EOG facilities during the past 3 years who were classified as independent contractors and paid a day-rate with no overtime (the "FLSA Class Members").**

4. The Rule 23 class of similarly situated employees sought to be certified as a class action under the NMMWA is defined as:

> **All water consultants hired through Bedrock and working at EOG facilities in New Mexico at any time from at least Jan-**

uary 1, 2015[1] until the present who were classified as independent contractors and paid a day-rate with no overtime (the "Rule 23 Class Members").

5. For at least three years prior to the filing of this Complaint, Defendants willfully violated the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

## II.　　PARTIES

6. Plaintiff Chad Porter is an individual residing in Texas. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

7. Defendant Bedrock PC 1099, LLC is a Texas limited liability company with its principal place of business in Houston, Texas. Bedrock may be served through its registered agent in Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

8. Defendant EOG Resources, Inc. is Delaware corporation with its principal place of business in Houston, Texas. EOG may be served through its registered agent in Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

---

[1] Plaintiff is aware that Bedrock and EOG have been classifying water consultants as day rate independent contractors with no overtime pay at least as early as January 1, 2015, and most likely before that date, and it continued to do so at least until December of 2021, if not later. Thus, Defendants have committed a continuing violation of the NMMWA as to all class members since at least 2015 because "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," see NMSA 1978 § 50-4-32. Thus, the period covered by the NMMWA claim for Plaintiff and the Class Members would begin when Defendants' misclassification scheme started, which Plaintiff knows was at least since 2015, and likely earlier. *See, e.g., Felps v. Mewbourne Oil Co., Inc.*, Case No. 2:18-CV-811-MV-GJF (D.N.M. Nov. 16, 2020) (certifying NMMWA class action of oilfield workers from June 19, 2009 and June 21, 2017 based on continuing course of conduct provision of the NMMWA). Plaintiff will amend this complaint if discovery confirms that Defendants' continuing NMMWA violations extended further back than January 1, 2015.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..." The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants because they are both Texas residents. Moreover, Defendants have both conducted substantial business in Texas and have had continuous and systematic contacts with Texas. Lastly, Plaintiff's claims in this suit relate - at least in part - to Defendants' contacts in Texas. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. NMMWA COVERAGE

12. At all relevant times, Defendants each acted as an employer or joint employer within the meaning of NMMWA and specifically NM STAT ANN. § 50-4-21(B) with respect to Plaintiff and other Rule 23 Class Members. Defendants were responsible for all decisions related to the wages to be paid to Plaintiff and other Rule 23 Class Members, the work to be performed by them, the locations of work performed by them, the hours to be worked by them, and the compensation policies with respect to them.

13. At all relevant times, Plaintiff and the Rule 23 Class Members constituted individual employees employed by an employer as the term "employee" is understood under the NMMWA.

## V.  FLSA COVERAGE

14. At all relevant times, Defendants have acted, directly or indirectly, as the employers or joint employers with respect to Plaintiff and others similarly situated. Defendants are directly or indirectly responsible for all decisions related to the wages to be paid to water consultants, the work to be performed by the water consultants, the locations of work performed by the employees, the hours to be worked by the water consultants, and the compensation policies with respect to the water consultants.

15. At all relevant times, Defendants have each operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, Defendants have each operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

17. At all relevant times, Plaintiff, and others similarly situated, were employees for Defendants who were engaged in commerce or in the production of goods for commerce.

## VI. FACTUAL BACKGROUND

18. Bedrock has contracted with EOG, an international energy company engaged in exploration and production of oil and gas, to provide water consultants for EOG's oil and gas operations, including Plaintiff and others similarly situated.

19. Because Plaintiff and other EOG-dedicated water consultants are paid a day rate, and because their schedules are set by Bedrock and/or its customer, EOG, the water consultants are not given any opportunity to share in the profit and/or loss of their services. They are not allowed the freedom to take or reject assignments - instead they must report to EOG's offices as ordered to do by Bedrock or its customer, EOG. Because they work full time (working very long hours) at EOG's facilities, they are not allowed an opportunity to expand their business or to take on other assignments as true independent contractors would be expected to do. Moreover, the Class Members perform administrative work that does not require an advanced degree or technical skill and thus is not the kind of highly-skilled workers that would typically be classified as independent contractors. Finally, the Class Members did not provide their own tools or equipment and were not allowed to hire their own helpers, as true independent contractors typically do.

20. No exemption excuses Defendants from paying Mr. Porter and other similarly situated Class Members overtime rates under the FLSA or the NMMWA.

21. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

22. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

23. Plaintiff has retained the undersigned counsel to represent him and those similarly situated in this action. Pursuant to the FLSA and the NMMWA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

24. Other employees of Defendants have been victimized by the pattern, practice and policy of Defendants. Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other, similarly situated workers.

25. Plaintiff brings his claim on behalf of all current and former FLSA Class Members, or similar job descriptions or titles, who worked on a dedicated basis for EOG.

26. Defendants' compensation policies and procedures with respect to Plaintiff and the Class Members and wages paid to Plaintiff and the FLSA Class Members are substantially similar, if not identical.

27. Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or other FLSA Class Members.

28. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendants' liability under the FLSA.

29. Plaintiff files this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims on his own behalf and on behalf of those similarly situated

who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

30. Plaintiff requests that Defendants identify all FLSA Class Members in order that proper notice of their right to opt-out of this class action (or, alternatively, to consent to participation in this collective action) may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers of the FLSA Class Members.

31. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

32. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

33. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VIII. NMMWA CLASS ACTION ALLEGATIONS

34. Plaintiff incorporate all allegations previously made in this Complaint.

35. Plaintiff bring this class action on behalf of the respective Rule 23 Class Members.

36. The Rule 23 Class Members are so numerous that their joinder is impracticable. On information and belief, there are at least 50 individuals (and more than likely substantially more than that) since 2015 that have, like Plaintiff, been paid day rates and denied overtime while working as water consultants for Defendants in New Mexico. EOG has substantial operations in New Mexico and has throughout the 2015-2022 timeframe. On information and belief,

EOG has drilled over a thousand wells in New Mexico during that timeframe. According to one source, from 2017 through the start of 2020, EOG had over 2,700 drilling permits in New Mexico either approved or pending approval.[2] Thus, Plaintiff's class size estimate is extremely conservative but is well within the range of cases finding numerosity to be satisfied in this District and others.[3]

37. Plaintiff's claims are typical of the Rule 23 Class Members, for the reasons alleged in the Factual Background section herein.

38. Plaintiff and the Rule 23 Class Members were classified as independent contractors and denied overtime pay.

39. The primary job duties of Plaintiff and the Rule 23 Class Members consisted of non-exempt, manual work.

40. Plaintiff and the Rule 23 Class Members were not paid a guaranteed salary each week, but instead received day rate pay, which fluctuated weekly because they were paid a day rate for each day they worked.

41. Plaintiff and the Rule 23 Class Members worked over 40 hours in at least one workweek for Defendants in New Mexico during the time period Defendant's continuing course of conduct occurred.

---

[2] https://www.sfreporter.com/news/2021/08/25/nm-drilling-permits-skyrocketed-under-trump/.

[3] *See, e.g., Felps v. Mewbourne Oil Co., Inc.*, Case No. 2:18-CV-811-MV-GJF (D.N.M. Nov. 16, 2020) (certifying class based on evidence that there were at least 60 potential Rule 23 Class Members; *Fenley v. Wood Grp. Mustang, Inc.*, No. 2:15-CV-326, 2018 WL 1556177, at *13 (S.D. Ohio Mar. 30, 2018) (finding class of 27 fulfilled numerosity requirements despite falling "below 40-member rule of thumb" because "courts are particularly conservative with the numerosity requirements in certifying employment cases where there is a prevalent fear of employer retaliation.") (citing cases).

42. Plaintiff and the Rule 23 Class Members were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

43. Common questions of law and fact for the Rule 23 Class Members predominate over any questions affecting any individual member. Plaintiff has alleged herein that Defendants had a policy of misclassifying all of its water consultants as independent contractors and paying them a day rate. Plaintiff has also alleged above that the work performed by the water consultants and the control Defendants exercised over them was common to Plaintiff and the Rule 23 Class Members. Defendants knowingly employed the water consultants and paid them a day rate with no overtime, with the effect of causing Plaintiff and the Rule 23 Class Members to be undercompensated in violation of the NMMWA. Defendants uniformly applied this policy and practice to the water consultants. Plaintiff'sNMMWA claim ultimately rests on the contention that the policy and practice of classifying water consultants as independent contractors and/or exempt — together with its requirement that the water consultants perform more than 40 hours of work per week with no overtime pay— had the effect of causing the class to perform uncompensated work. These allegations raise numerous common questions of law and/or fact, including:

    a. Whether Plaintiff and the Rule 23 Class Members were independent contractors, as classified by Defendants, or whether they were employees and thus entitled to overtime under the NMMWA;

    b. Whether Plaintiff and the Rule 23 Class Members were wrongly classified as exempt under the NMMWA;

    c. Whether Defendant's Day Rate Policy violated NMMWA by failing to pay the Rule 23 Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

    d. Whether Defendants' Day Rate Policy constitutes a "continuing course of conduct" under NMSA 1978 § 50-4-32; and

    e. The proper measure of damages of the Rule 23 Class Members.

44. As a result, Plaintiff and the undersigned counsel will fairly and adequately protect the Rule 23 Class Members' interests. Plaintiff have retained counsel experienced in complex wage and hour cases on behalf of oilfield workers and in class and collective action litigation. Neither Plaintiff nor Plaintiff's counsel have any other litigation against Defendants or any other matters that would create a conflict of interest between them and the Rule 23 Class Members. Moreover, Plaintiff and Plaintiff's counsel intend to vigorously prosecute this matter on behalf of the class.

45. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3): (1) questions of law or fact predominate over any questions affecting individual Rule 23 Class Members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy. Specifically, Defendants exercised a high level of centralized control over Plaintiff and the Rule 23 Class Members in the form of a standardized reporting structure; uniform training programs; standardized policies and procedures governing the performance of their job duties; standardized job descriptions; and standardized pay policy. Thus common evidence will generate common answers to the common independent contractor misclassification question in this case. Defendants' control over the manner and means by which the water consultants perform their work can be determined through evidence common to the class. water consultants joined Defendants for long-term careers, could be terminated at will by Defendants, worked exclusively for Defendants, carried out Defendants' business rather than their own, and are comprehensively controlled by Defendants in the actual practice of their duties. More-

over, the remaining factors in the economic realities test—the nature of the work, the skill required, the *opportunity* to profit, the supplier of the tools used, the the permanence of the water consultants position, and whether safety services are part of Defendants' core business—also do not require individualized analysis. Moreover, class litigation is superior in this case to individual litigation because the Rule 23 Class Members lack the financial resources to vigorously prosecute lawsuits against a large corporation such as Defendants. The fact that Defendants has been misclassifying its Water consultants in New Mexico as independent contractors since at least 2015 and this is the first case to bring claims under the NMMWA illustrates this point. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the Rule 23 Class Members. No apparent difficulties exist in managing this class action. Plaintiff intend to send notice to the Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

## IX.  CAUSES OF ACTION

### COUNT ONE - VIOLATIONS OF THE FLSA

46. The foregoing allegations are incorporated herein by reference.

47. Plaintiff and others similarly situated were non-exempt employees of Defendants.

48. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

49. Defendants violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiff or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

50. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## COUNT 2 - VIOLATIONS OF THE NMMWA

51. Plaintiff incorporates all allegations previously made in this Complaint.

52. Plaintiff and the Rule 23 Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek. Since at least January 1, 2015, Defendants violated and on information and belief continues to violate NMMWA by employing water consultants and regularly and repeatedly failing to pay them for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Rule 23 Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the Rule 23 Class Members are entitled to their unpaid wages, treble and/or liquidated damages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NMMWA. Moreover, Plaintiff requests that his individual claims as well as those brought on behalf of the Rule 23 class encompass all violations that occurred as a part of Defendants' continued course of conduct regardless of the date on which they occurred.

## X. RELIEF SOUGHT

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Class Members, prays for relief against Defendants as follows in regards to the FLSA claims:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Plaintiff (and those who may join in the suit) pre- judgment and post-judgment interest at the highest rates allowed by law; and

e. For such other and further relief as may be necessary and appropriate.

Plaintiff, on behalf of himself and the Rule 23 Class Members, prays for relief against Defendants as follows in regarding to the NMMWA claims:

a. For an Order certifying his NMMWA claim as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under NMMWA, and for designation of Plaintiff's counsel as class counsel;

b. For an Order awarding Plaintiff and the Rule 23 Class Members all unpaid overtime compensation, treble and/or liquidated damages, pre- and post-judgment interest and all available penalty wages under NMMWA;

c. For all costs and attorneys' fees incurred prosecuting their claims, as allowed by law; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Southern District of Texas Number 639625
Borsellino, P.C.
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Mailing Address:
3267 Bee Cave Rd., Ste. 107, PMB # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**COUNSEL FOR PLAINTIFF**